BREYER, J., dissenting

# SUPREME COURT OF THE UNITED STATES

———————

Nos. 16–9448 and 17–5083

———————

QUENTIN MARCUS TRUEHILL

16–9448                    *v.*

FLORIDA

ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME
COURT OF FLORIDA

TERENCE OLIVER

17–5083                    *v.*

FLORIDA

ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME
COURT OF FLORIDA

[October 16, 2017]

The petitions for writs of certiorari are denied.

JUSTICE BREYER, dissenting from the denial of certiorari.

In part for the reasons set forth in my opinion in *Hurst* v. *Florida*, 577 U. S. \_\_, \_\_ (2016) (concurring opinion in judgment), I would vacate and remand for the Florida Supreme Court to address the Eighth Amendment issue in these cases. I therefore join the dissenting opinion of JUSTICE SOTOMAYOR in full.

# SUPREME COURT OF THE UNITED STATES

—————

Nos. 16–9448 and 17–5083

—————

QUENTIN MARCUS TRUEHILL

16–9448          *v.*

FLORIDA

ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME
COURT OF FLORIDA

TERENCE OLIVER

17–5083          *v.*

FLORIDA

ON PETITION FOR WRIT OF CERTIORARI TO THE SUPREME
COURT OF FLORIDA

[October 16, 2017]

JUSTICE SOTOMAYOR, with whom JUSTICE GINSBURG
and JUSTICE BREYER join, dissenting from the denial of
certiorari.

At least twice now, capital defendants in Florida have
raised an important Eighth Amendment challenge to their
death sentences that the Florida Supreme Court has failed
to address. Specifically, those capital defendants, peti-
tioners here, argue that the jury instructions in their cases
impermissibly diminished the jurors' sense of responsibil-
ity as to the ultimate determination of death by repeatedly
emphasizing that their verdict was merely advisory. "This
Court has always premised its capital punishment deci-
sions on the assumption that a capital sentencing jury
recognizes the gravity of its task," and we have thus found
unconstitutional under the Eighth Amendment comments
that "minimize the jury's sense of responsibility for deter-
mining the appropriateness of death." *Caldwell* v. *Missis-
sippi*, 472 U. S. 320, 341 (1985).

Although the Florida Supreme Court has rejected a *Caldwell* challenge to its jury instructions in capital cases in the past, it did so in the context of its prior sentencing scheme, where "the court [was] the final decision-maker and the sentencer—not the jury." *Combs* v. *State*, 525 So. 2d 853, 857 (1988). In *Hurst* v. *Florida*, 577 U. S. ___, ___ (2016) (slip op., at 10), however, we held that process, "which required the judge alone to find the existence of an aggravating circumstance," to be unconstitutional.

With the rationale underlying its previous rejection of the *Caldwell* challenge now undermined by this Court in *Hurst*, petitioners ask that the Florida Supreme Court revisit the question. The Florida Supreme Court, however, did not address that Eighth Amendment challenge.

This Court has not in the past hesitated to vacate and remand a case when a court has failed to address an important question that was raised below. See, *e.g., Beer* v. *United States*, 564 U. S. 1050 (2011) (remanding for consideration of unaddressed preclusion claim); *Youngblood* v. *West Virginia*, 547 U. S. 867 (2006) (*per curiam*) (remanding for consideration of unaddressed claim under *Brady* v. *Maryland*, 373 U. S. 83 (1963)). Because petitioners here raised a potentially meritorious Eighth Amendment challenge to their death sentences, and because the stakes in capital cases are too high to ignore such constitutional challenges, I dissent from the Court's refusal to correct that error.