# Supreme Court of Florida

_____

No. SC17-824
_____

**QUAWN M. FRANKLIN,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[February 15, 2018]

PER CURIAM.

Quawn M. Franklin appeals an order of the circuit court summarily denying a motion to vacate his sentence of death under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const. For the reasons that follow, we affirm the postconviction court's summary denial of Franklin's postconviction motion.

## FACTS AND PROCEDURAL HISTORY

Franklin was convicted of attempted robbery and first-degree murder in the shooting death of Jerry Lawley. *Franklin v. State (Franklin I)*, 965 So. 2d 79, 84-86 (Fla. 2007). After the penalty phase, the jury unanimously recommended death.

*Id.* at 87. At Franklin's request, the jury returned a special interrogatory verdict form indicating that it unanimously found each of the four proposed aggravators. *Id.* at 102.[1] The trial court followed the jury's recommendation and imposed a death sentence. In doing so, the trial court found the same four aggravating factors and concluded that the aggravators outweighed the mitigating factors. *Id.* at 88.[2]

---

1. The jury found the following four aggravators:

(1) the murder was committed while Franklin was serving a prison sentence because he was on conditional release at the time of Lawley's shooting; (2) Franklin had previous violent felony convictions, including another capital felony for the murder of Horan; (3) Lawley's murder was committed for pecuniary gain; and (4) the murder was cold, calculated, and premediated (CCP).

*Id.* at 87-88.

2. The trial court found the following ten nonstatutory mitigators:

(1) there were deficiencies in Franklin's upbringing which included being forcibly removed by his biological mother from the only mother and father he had known for eight years (given some weight); (2) Franklin had been sentenced to adult prison at a young age and served eight years of a ten-year sentence, which was a severe sentence in light of his prior record (given little weight); (3) Franklin had cooperated with law enforcement after his arrest (given some weight); (4) Franklin took responsibility for his crimes by confessing to the police and a newspaper reporter (given some weight); (5) Franklin had offered to plead guilty in return for a life sentence without possibility of parole that would run consecutive to his other life sentences (given little weight); (6) Franklin apologized to the victim's family, showed remorse, and confessed to other offenses which were used as aggravating circumstances (given some weight); (7) Franklin apologized and showed remorse for his other crimes (given little weight); (8) Franklin had entered pleas in his related cases and had

This Court affirmed Franklin's conviction and death sentence on direct appeal. *Id.* at 102.[3]

On November 7, 2008, Franklin filed his first rule 3.851 motion in the circuit court and moved for a competency determination. *Franklin v. State* (*Franklin II*), 137 So. 3d 969, 977 (Fla. 2014). On June 3, 2010, the trial court

---

been sentenced to life (given some weight); (9) there was no one available to testify on Franklin's behalf in the penalty phase (given some weight); and (10) codefendant McCoy received a thirty-five-year sentence for her role in the crimes (given little weight).

*Id.* at 88 n.4.

3. Franklin raised the following claims on direct appeal:

(1) the admission of hearsay statements relating to his prior violent felony convictions during the penalty phase violated his constitutional right to confront witnesses in light of the United States Supreme Court's recent decision in *Crawford v. Washington*, 541 U.S. 36 (2004); (2) the trial court erred in admitting the objected-to portions of Franklin's taped interview with the newspaper reporter; (3) the guilt phase admission of hearsay statements made by the victim also constituted a *Crawford* violation; (4) the trial court erred by refusing to accept Franklin's stipulation to his prior violent felony convictions in lieu of testimony regarding the crimes; (5) improper victim impact evidence was presented to the jury; (6) the CCP aggravating factor was not properly found; (7) the pecuniary gain aggravating factor was not properly found; and (8) Florida's capital sentencing statute is facially unconstitutional under *Ring[v. Arizona*, 536 U.S. 584 (2002),]* because the judge rather than the jury determines the sentence to be imposed.

*Id.* at 88.

found Franklin competent to proceed.  *Id.*  Franklin then amended his

postconviction motion, raising eleven claims.  *Id.*[4]  The postconviction court

summarily denied claims three through eight, as well as claim ten.  *Id.* at 977-78.

Following an evidentiary hearing, the postconviction court denied claims one, two,

nine, and eleven.  *Id.* at 978.  Franklin sought relief in this Court, raising three

_____

4.  Franklin raised the following eleven claims before the postconviction court:

> (1) ineffective assistance of penalty phase trial counsel; (2) ineffective assistance of penalty phase trial counsel by failing to call Dr. Douglas Mason; (3) ineffective assistance of trial counsel during voir dire; (4) ineffective assistance of trial counsel by failing to file a motion for a change of venue; (5) ineffective assistance of trial counsel in failing to inform the jury of Franklin's ineligibility for parole; (6) Florida's method of execution by lethal injection violates both the Florida and United States Constitutions; (7) Franklin is prohibited from knowing the identity of the execution team members in violation of his rights under the Florida and United States Constitutions; (8) ineffective assistance of trial counsel pertaining to Franklin's competency; (9) ineffective assistance of trial counsel by failing to investigate and present an insanity defense; (10) Franklin's right against cruel and unusual punishment will be violated because he may be incompetent at the time of execution; and (11) cumulative error deprived Franklin of a fundamentally fair trial.

*Id.* at 978 n.5.

claims, and filed a petition for writ of habeas corpus that raised two claims.[5]  This

Court affirmed the postconviction court's order.  *Id.* at 987.

Franklin filed a successive postconviction motion on January 9, 2017,

raising two claims: (1) his death sentence is unconstitutional under *Hurst v.*

*Florida*, 136 S. Ct. 616 (2016), and (2) his death sentence stands in violation of the

Eighth Amendment under *Hurst v. Florida*.  The postconviction court denied the

motion, finding that "the *Hurst* error was harmless beyond a reasonable doubt as

the jury returned an interrogatory verdict unanimously agreeing that each of the

four aggravating factors were present and unanimously recommending that death

was the appropriate sentence given the substantial aggravation and slight

---

5.  On appeal, Franklin raised the following five claims:

(1) the postconviction court erred in finding him competent to proceed
in his postconviction proceedings; (2) the postconviction court erred
in denying his claim of ineffective assistance of trial counsel during
the penalty phase; (3) the postconviction court erred in summarily
denying his claim that trial counsel were ineffective during voir dire
and for failing to file a motion for a change of venue; (4) Florida's
method of execution for lethal injection is cruel and unusual
punishment and would deprive him of his due process and equal
protection rights under the United States Constitution (habeas claim);
and (5) his right against cruel and unusual punishment under the
Eighth Amendment to the United States Constitution will be violated
because he may be incompetent at the time of execution (habeas
claim).

*Id.* at 978.

mitigation presented." Franklin appealed the postconviction court's order on April 28, 2017. On June 20, 2017, this Court issued an order directing the parties to file briefs addressing why the ruling should not be affirmed in light of this Court's precedent in *Hurst*.

## ANALYSIS

Franklin argues that his death sentence violates the Sixth Amendment under *Hurst v. Florida*, 136 S. Ct. 616 (2016). In *Hurst v. State*, 202 So. 3d 40, 57 (Fla. 2016), we explained that *Hurst v. Florida* requires "the jury in a capital case [to] unanimously and expressly find all the aggravating factors that were proven beyond a reasonable doubt, unanimously find that the aggravating factors are sufficient to impose death, unanimously find that the aggravating factors outweigh the mitigating circumstances, and unanimously recommend a sentence of death." We also determined that *Hurst* error is capable of harmless error review. *Id.* at 67. Therefore, the issue in this case is whether any *Hurst* error during Franklin's penalty phase proceedings was harmless beyond a reasonable doubt. *Id.* at 68.

Franklin's penalty phase jury found the existence of each aggravator unanimously and made a unanimous recommendation of death using an interrogatory verdict form. Such a recommendation "allow[s] us to conclude beyond a reasonable doubt that a rational jury would have unanimously found that there were sufficient aggravators to outweigh the mitigating factors." *Davis v.*

- 6 -

*State*, 207 So. 3d 142, 174 (Fla. 2016). Although the jury was not properly instructed under *Hurst*, and despite the mitigation presented, the jury still unanimously recommended that Franklin be sentenced to death for the murder of Lawley. Therefore, any *Hurst* error in Franklin's penalty phase was harmless beyond a reasonable doubt and the postconviction court properly denied relief on this claim.

Franklin also contends that a unanimous jury recommendation violates the Eighth Amendment pursuant to *Caldwell v. Mississippi*, 472 U.S. 320 (1985), when a jury is repeatedly told that its role is advisory. Franklin further claims that his death sentence violates the Eighth Amendment under *Hurst* because the standard jury instructions improperly diminished the jury's role. Franklin's *Caldwell* claim is procedurally barred because he did not raise it on direct appeal. *See Jones v. State*, 928 So. 2d 1178, 1182 n.5 (Fla. 2006). To the extent that Franklin's claim about the standard jury instructions is a *Hurst* claim, he is not entitled to relief because of the jury's unanimous recommendation of death and unanimous finding of all four aggravating factors. *See Davis*, 207 So. 3d at 174.

Procedural bar notwithstanding, prior to *Hurst*, we repeatedly rejected *Caldwell* challenges to the standard jury instructions used during Franklin's trial. *See Rigterink v. State*, 66 So. 3d 866, 897 (Fla. 2011); *Globe v. State*, 877 So. 2d 663, 673-74 (Fla. 2004). We have also rejected *Caldwell*-related *Hurst* claims like

- 7 -

Franklin's pursuant to *Davis*. *See Oliver v. State*, 214 So. 3d 606 (Fla. 2017); *Truehill v. State*, 211 So. 3d 930 (Fla 2017). Recently, the defendants in *Oliver* and *Truehill* petitioned the United States Supreme Court for a writ of certiorari to review their *Caldwell* claims, which the Court denied. *Truehill v. Florida*, 138 S. Ct. 3 (2017). Franklin, whose sentence was final post-*Ring* and who received a unanimous jury recommendation, is not entitled to *Hurst* relief. *See Davis*, 207 So. 3d at 174. Accordingly, Franklin is not entitled to relief on this claim.

Based on the foregoing, we affirm the decision of the postconviction court and deny relief on Franklin's claims.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, and LAWSON, JJ., concur.
CANADY and POLSTON, JJ., concur in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Lake County,
    Mark J. Hill, Judge - Case No. 352002CF000217AXXXXX

James Vincent Viggiano, Jr., Capital Collateral Regional Counsel, Maria Christine Perinetti, Raheela Ahmed, Reuben Andrew Neff, and Lisa Marie Bort, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Stephen D. Ake, Senior Assistant Attorney General, Tampa, Florida,

    for Appellee