# Supreme Court of Florida

————————

No. SC17-1283
————————

**SAMUEL L. SMITHERS,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[March 29, 2018]

PER CURIAM.

Samuel L. Smithers, a prisoner under sentences of death, appeals the circuit court's order summarily denying his first successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

In 1998, a jury convicted Smithers of two counts of first-degree murder for the 1996 killings of Cristy Cowan and Denise Roach. After hearing evidence at the penalty phase, the jury unanimously recommended the death sentence for each murder by a vote of twelve to zero. We affirmed Smithers' convictions and sentences of death on direct appeal. *Smithers v. State*, 826 So. 2d 916 (Fla. 2002).

We also upheld the denial of his initial motion for postconviction relief and denied his petition for a writ of habeas corpus. *Smithers v. State*, 18 So. 3d 460 (Fla. 2009).

In January 2017, Smithers filed his current first successive postconviction motion in which he raised numerous claims in light of *Hurst v. Florida* (*Hurst v. Florida*), 136 S. Ct. 616 (2016), *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017), *Perry v. State*, 210 So. 3d 630 (Fla. 2016), and chapter 2016-13, Laws of Florida. In June 2017, the circuit court entered an order summarily denying Smithers' successive postconviction motion. This appeal followed. While Smithers' postconviction case was pending in this Court, we directed the parties to file briefs addressing why the circuit court's order should not be affirmed based on this Court's precedent in *Hurst*, *Davis v. State*, 207 So. 3d 142 (Fla. 2016), *cert. denied*, 137 S. Ct. 2218 (2017), and *Mosley v. State*, 209 So. 3d 1248 (Fla. 2016).

In *Davis*, this Court held that a jury's unanimous recommendation of death is "precisely what we determined in *Hurst* to be constitutionally necessary to impose a sentence of death" because a "jury unanimously f[inds] all of the necessary facts for the imposition of [a] death sentence[] by virtue of its unanimous recommendation[]." *Davis*, 207 So. 3d at 175. This Court has consistently relied on *Davis* to deny *Hurst* relief to defendants that have received a unanimous jury

recommendation of death. *See, e.g.*, *Grim v. State*, No. SC17-1071 (slip op. issued Fla. Mar. 29, 2018); *Bevel v. State*, 221 So. 3d 1168, 1178 (Fla. 2017); *Guardado v. Jones*, 226 So. 3d 213, 215 (Fla. 2017), *petition for cert. filed*, No. 17-7171 (U.S. Dec. 18, 2017); *Cozzie v. State*, 225 So. 3d 717, 733 (Fla. 2017), *petition for cert. filed*, No. 17-7545 (U.S. Jan. 24, 2018); *Morris v. State*, 219 So. 3d 33, 46 (Fla.), *cert. denied*, 138 S. Ct. 452 (2017); *Tundidor v. State*, 221 So. 3d 587, 607-08 (Fla. 2017), *cert. denied*, 138 S. Ct. 829 (2018); *Oliver v. State*, 214 So. 3d 606, 617-18 (Fla.), *cert. denied*, 138 S. Ct. 3 (2017); *Truehill v. State*, 211 So. 3d 930, 956-57 (Fla.), *cert. denied*, 138 S. Ct. 3 (2017). Smithers is among those defendants who received a unanimous jury recommendation of death, and his arguments do not compel departing from our precedent.

Accordingly, because we find that any *Hurst* error in this case was harmless beyond a reasonable doubt, we affirm the circuit court's order summarily denying Smithers' first successive motion for postconviction relief.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and LAWSON, JJ., concur.
CANADY and POLSTON, JJ., concur in result.
QUINCE, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

QUINCE, J., dissenting.

I cannot agree with the majority's finding that the *Hurst* error was harmless beyond a reasonable doubt. As I have stated elsewhere, "[b]ecause *Hurst* requires 'a jury, not a judge, to find each fact necessary to impose a sentence of death,' the error cannot be harmless where such a factual determination was not made." *Hall v. State*, 212 So. 3d 1001, 1036-37 (Fla. 2017) (Quince, J., concurring in part and dissenting in part) (citation omitted) (quoting *Hurst v. Florida*, 136 S. Ct. 616, 619 (2016)); *see also Truehill v. State*, 211 So. 3d 930, 961 (Fla.) (Quince, J., concurring in part and dissenting in part), *cert. denied*, 138 S. Ct. 3 (2017). The trial judge, not the jury, made specific factual findings to support some of the most serious aggravators in this case. Because the jury did not make those findings, I dissent.

An Appeal from the Circuit Court in and for Hillsborough County,
    Michelle Sisco, Judge - Case No. 291996CF008093000AHC

James Vincent Viggiano, Jr., Capital Collateral Regional Counsel, Adriana C. Corso and Ali A. Shakoor, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Candace M. Sabella, Chief Assistant Attorney General, Tampa, Florida,

    for Appellee