QUINCE, J., dissenting.
*154 I cannot agree with the majority's finding that the Hurst error was harmless beyond a reasonable doubt. As I have stated elsewhere, "[b]ecause Hurst requires 'a jury, not a judge, to find each fact necessary to impose a sentence of death,' the error cannot be harmless where such a factual determination was not made." Hall v. State , 212 So.3d 1001, 1036-37 (Fla. 2017) (Quince, J., concurring in part and dissenting in part) (citation omitted) (quoting Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 619, 193 L.Ed.2d 504 (2016) ); see also Truehill v. State , 211 So.3d 930, 961 (Fla.) (Quince, J., concurring in part and dissenting in part), cert. denied , --- U.S. ----, 138 S.Ct. 3, 199 L.Ed.2d 272 (2017). The trial judge, not the jury, made specific factual findings to support some of the most serious aggravators in this case. Because the jury did not make those findings, I dissent.