# Supreme Court of Florida

_____

No. SC17-1678
_____

**RAY LAMAR JOHNSTON,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[April 5, 2018]

PER CURIAM.

Ray Lamar Johnston appeals an order summarily denying his first successive postconviction motion filed under Florida Rule of Criminal Procedure 3.851.[1]

The underlying facts of this case were described in this Court's opinion on direct appeal. *Johnston v. State*, 841 So. 2d 349, 351-55 (Fla. 2002). Johnston was convicted of the first-degree murder of Leanne Coryell, kidnapping, robbery, sexual battery, and burglary of a conveyance with assault. *Id.* at 351. Following a

_____

1. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

unanimous jury recommendation for death, the trial court sentenced Johnston to death. *Id.* at 355.

In this successive postconviction motion, we affirm the denial of Johnston's claim that he is entitled to relief pursuant to *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). Johnston received a unanimous jury recommendation of death and, therefore, the *Hurst* error in this case is harmless beyond a reasonable doubt. *See Davis v. State*, 207 So. 3d 142, 175 (Fla. 2016). Additionally, we affirm the denial of Johnston's *Hurst*-induced *Caldwell*[2] claim. *See Reynolds v. State*, No. SC17-793, slip op. at 26-36 (Fla. Apr. 5, 2018).

Accordingly, we affirm the denial of postconviction relief.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and LAWSON, JJ., concur.
CANADY and POLSTON, JJ., concur in result.
QUINCE, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

QUINCE, J., dissenting.

I cannot agree with the majority's finding that the *Hurst* error was harmless beyond a reasonable doubt. As I have stated previously, "[b]ecause *Hurst* requires

---

2. *Caldwell v. Mississippi*, 472 U.S. 320 (1985).

'a jury, not a judge, to find each fact necessary to impose a sentence of death,' the error cannot be harmless where such a factual determination was not made." *Hall v. State*, 212 So. 3d 1001, 1036-37 (Fla. 2017) (Quince, J., concurring in part and dissenting in part) (citation omitted) (quoting *Hurst v. Florida*, 136 S. Ct. 616, 619 (2016)); *see also Truehill v. State*, 211 So. 3d 930, 961 (Fla.) (Quince, J., concurring in part and dissenting in part), *cert. denied*, 138 S. Ct. 3 (2017). The jury in this case did not make all the factual findings that *Hurst* requires a jury to make in order to impose all the aggravators at issue in this case. Therefore, I dissent.

An Appeal from the Circuit Court in and for Hillsborough County,
    Michelle Sisco, Judge - Case No. 291997CF013379000AHC

James Vincent Viggiano, Jr., Capital Collateral Regional Counsel, James L. Driscoll Jr., David Dixon Hendry and Gregory W. Brown, Assistant Capital Collateral Regional Counsel, Middle Region, Temple Terrace, Florida,

      for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Timothy A. Freeland, Senior Assistant Attorney General, Tampa, Florida,

      for Appellee