# Supreme Court of Florida

————————

No. SC17-1640
————————

**MICHAEL ANTHONY TANZI,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[April 5, 2018]

PER CURIAM.

Michael A. Tanzi appeals an order denying a motion to vacate judgments of conviction, including one of first-degree murder, and a sentence of death under Florida Rule of Criminal Procedure 3.851.[1]

The underlying facts of this case were described in this Court's opinion on direct appeal. *Tanzi v. State*, 964 So. 2d 106, 110-12 (Fla. 2007). Tanzi pled guilty to the first-degree murder of Janet Acosta. *Id.* at 111. He carjacked, kidnapped, beat, sexually battered, robbed, and strangled Ms. Acosta. *Id.* at 110-

---

1. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

Following a unanimous jury recommendation for death, the trial court sentenced Tanzi to death for Ms. Acosta's murder. *Id.* at 111. The trial court found seven aggravating factors[2] and ten mitigating circumstances.[3] We affirmed Tanzi's convictions and sentence of death. *Id.* at 121. We also affirmed the denial of Tanzi's initial postconviction motion and denied relief on his habeas petition. *Tanzi v. State*, 94 So. 3d 482, 497 (Fla. 2012).

In this successive postconviction motion, Tanzi argues that he is entitled to relief pursuant to *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). We agree

---

2. The trial court found the following aggravating factors: (1) that the murder was committed by a person previously convicted of a felony and under sentence of imprisonment or on felony probation; (2) that the murder was committed during the commission of a kidnapping; (3) that the murder was committed during the commission of two sexual batteries; (4) that the crime was committed for the purpose of avoiding arrest; (5) that the murder was committed for pecuniary gain; (6) that the murder was especially heinous, atrocious, or cruel (HAC); and (7) that the murder was committed in a cold, calculated, and premeditated (CCP) manner. *Tanzi*, 964 So. 2d at 111 n.1. "The court gave each aggravator 'great weight' except the HAC aggravator, which the court gave 'utmost weight.'" *Id.*

3. The court found the following mitigating circumstances: (1) that Tanzi suffered from "axis two" personality disorders; (2) that he was institutionalized as a youth; (3) that his behavior benefited from psychotropic drugs; (4) that he lost his father at an early age; (5) that he was sexually abused as a child; (6) that he twice attempted to join the military; (7) that he cooperated with law enforcement; (8) that he assisted inmates by writing letters and that he enjoys reading; (9) that his family has a loving relationship for him; and (10) that he had a history of substance abuse. *Tanzi*, 964 So. 2d at 111 n.1.

with Tanzi that *Hurst* is applicable in his case. *See Mosley v. State*, 209 So. 3d 1248 (Fla. 2016). However, because we find that the *Hurst* error in this case is harmless beyond a reasonable doubt, we affirm the denial of postconviction relief. As we stated in *Davis v. State*, 207 So. 3d 142, 175 (Fla. 2016), *cert. denied*, 137 S. Ct. 2218 (2017):

> [T]he jury unanimously found all of the necessary facts for the imposition of death sentences by virtue of its unanimous recommendations. . . . . The unanimous recommendations here are precisely what we determined in *Hurst* to be constitutionally necessary to impose a sentence of death.

We reject Tanzi's assertion that the *Hurst* error was not harmless because the jury was not given a mercy instruction. *See Knight v. State*, 225 So. 3d 661, 683 (Fla. 2017), *cert. denied*, No. 17-7099 (U.S. Mar. 19, 2018).

Additionally, we reject Tanzi's *Hurst*-induced *Caldwell*[4] claim. *See Reynolds v. State*, No. SC17-793, slip op. at 26-36 (Fla. Apr. 5, 2018).

Accordingly, the *Hurst* violation in this case is harmless beyond a reasonable doubt and, as in *Davis*, does not entitle Tanzi to relief. Thus, we affirm the denial of postconviction relief.[5]

---

4. *Caldwell v. Mississippi*, 472 U.S. 320 (1985).

5. We also reject Tanzi's claim that the change in law following *Hurst* and *Perry v. State*, 210 So. 3d 630 (Fla. 2016), entitles him to have his previously denied postconviction claims revisited.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, and LAWSON, JJ., concur.
CANADY and POLSTON, JJ., concur in result.
QUINCE, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

QUINCE, J., dissenting.

I cannot agree with the majority's finding that the *Hurst* error was harmless beyond a reasonable doubt. As I have stated previously, "[b]ecause *Hurst* requires 'a jury, not a judge, to find each fact necessary to impose a sentence of death,' the error cannot be harmless where such a factual determination was not made." *Hall v. State*, 212 So. 3d 1001, 1036-37 (Fla. 2017) (Quince, J., concurring in part and dissenting in part) (citation omitted) (quoting *Hurst v. Florida*, 136 S. Ct. 616, 619 (2016)); *see also Truehill v. State*, 211 So. 3d 930, 961 (Fla.) (Quince, J., concurring in part and dissenting in part), *cert. denied*, 138 S. Ct. 3 (2017). The jury did not make the specific factual findings that *Hurst* requires a jury to find in order to impose some of the most serious aggravators at issue in this case. Therefore, I dissent.

An Appeal from the Circuit Court in and for Monroe County,
Luis M. Garcia, Judge - Case No. 442000CF000573000AKW

Neal Dupree, Capital Collateral Regional Counsel, Scott Gavin, Staff Attorney, and Paul Kalil, Assistant Capital Collateral Regional Counsel, Southern Region, Fort Lauderdale, Florida,

for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Scott A. Browne, Senior Assistant Attorney General, Tampa, Florida,

for Appellee