QUINCE, J., dissenting.
*267 I cannot agree with the majority's finding that the Hurst error was harmless beyond a reasonable doubt. As I have stated previously, "[b]ecause Hurst requires 'a jury, not a judge, to find each fact necessary to impose a sentence of death,' the error cannot be harmless where such a factual determination was not made." Hall v. State , 212 So.3d 1001, 1036-37 (Fla. 2017) (Quince, J., concurring in part and dissenting in part) (citation omitted) (quoting Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 619, 193 L.Ed.2d 504 (2016) ); see also Truehill v. State , 211 So.3d 930, 961 (Fla.) (Quince, J., concurring in part and dissenting in part), cert. denied , --- U.S. ----, 138 S.Ct. 3, 199 L.Ed.2d 272 (2017). The jury in this case did not make all the factual findings that Hurst requires a jury to make in order to impose all the aggravators at issue in this case. Therefore, I dissent.