Herrera-Antunez v. Garland
BIA
A206 436 152

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of May, two thousand twenty-one.

PRESENT:
 JOSÉ A. CABRANES,
 RAYMOND J. LOHIER, JR.,
 STEVEN J. MENASHI,
  *Circuit Judges.*

_____

RICCY ISELA HERRERA-ANTUNEZ,
 *Petitioner,*

 v.                                    19-2253
                                       NAC
MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
 *Respondent.*

_____

FOR PETITIONER:       Nicholas J. Mundy, Esq.,
                      Brooklyn, NY.

FOR RESPONDENT:       Joseph H. Hunt, Assistant Attorney General; Justin R. Markel, Senior Litigation Counsel; Sharon M.

Clay, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition is DENIED.

Petitioner Riccy Isela Herrera-Antunez, a native and citizen of Honduras, seeks review of a June 11, 2019, BIA decision denying her motion to reopen. *In re Riccy Isela Herrera-Antunez*, No. A 206 436 152 (B.I.A. Jun. 11, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the agency's denial of a motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). "An abuse of discretion may be found in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001) (internal citations omitted).

2

The BIA did not abuse its discretion.  As Herrera-Antunez concedes, her argument under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), that her notice to appear ("NTA") was insufficient to vest jurisdiction with the immigration court, is foreclosed by our decision in *Banegas Gomez v. Barr*, 922 F.3d 101 (2d Cir. 2019).  In *Banegas Gomez*, we held that *Pereira* does not "void *jurisdiction* in cases in which an NTA omits a hearing time or place."  922 F.3d at 110.  The regulations do not require an NTA to specify the time and date of the initial hearing, "so long as a notice of hearing specifying this information is later sent to the alien."  *Id.* at 112 (quotation marks and emphasis omitted).  Although Herrera-Antunez's NTA did not specify the time and date of her initial hearing, she received hearing notices and appeared at her hearings.

The BIA also did not abuse its discretion in declining to reopen based on ineffective assistance of counsel.  To succeed on her ineffective assistance claim, Herrera-Antunez had "to show . . . that competent counsel would have acted otherwise, and . . . that [s]he was prejudiced by h[er] counsel's performance."  *Romero v. U.S. INS*, 399 F.3d 109,

3

112 (2d Cir. 2005). "[P]rejudice is shown where 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *United States v. Copeland*, 376 F.3d 61, 73 (2d Cir. 2004) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

Herrera-Antunez argues that her former attorney should have objected to admission of the credible fear interview record that the immigration judge ("IJ") relied on in making an adverse credibility determination in the underlying proceedings. This claim is unpersuasive: Herrera-Antunez's former counsel confirmed that she reviewed the interview with Herrera-Antunez when preparing for the hearing, and Herrera-Antunez told her that the interview record was correct. Counsel therefore had no reason to object to the interview. Further, Herrera-Antunez has not identified any basis for an objection or that the result would have been different had an objection been made because the IJ independently assessed the reliability of the interview record. *See Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179-80 (2d Cir. 2004).

For the foregoing reasons, that the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe,
                                    Clerk of Court