# Supreme Court of Florida

_____

No. SC17-389
_____

**JESSE GUARDADO,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[May 11, 2017]

PER CURIAM.

This case is before the Court on the petition of Jesse Guardado for a writ of habeas corpus. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.

The underlying facts of this case were described in this Court's opinion on direct appeal. Guardado v. State, 965 So. 2d 108, 110-12 (Fla. 2007). Guardado pleaded guilty to murder in the first degree and robbery with a weapon. After hearing evidence at the penalty phase, the jury returned a unanimous recommendation that Guardado be sentenced to death. The trial court found five[1]

_____

1. The trial court found the following five aggravating factors: (1) the capital felony was committed by a person under sentence of imprisonment or on conditional release supervision; (2) the defendant was previously convicted of

aggravating factors and nineteen[2] nonstatutory mitigating circumstances.  We

affirmed Guardado's convictions and sentence of death.  We also affirmed the

---

another capital felony or of a felony involving the use or threat of violence to the person (to wit: armed robbery, April 9, 1984; robbery with a deadly weapon, July 6, 1990; robbery, January 23, 1991; robbery with a weapon, January 23, 1991; attempted robbery with a deadly weapon, February 17, 2005); (3) the capital felony was committed while the defendant was engaged in the commission of, or attempt to commit, or escape after committing, a robbery with a weapon; (4) the capital felony was especially heinous, atrocious, or cruel (HAC); and (5) the crime was committed in a cold, calculated and premeditated manner (CCP).  Guardado, 965 So. 2d at 112.

2.  The trial court found the following nineteen mitigating circumstances: (1) defendant entered a plea of guilty to first-degree murder without asking for any plea bargain or other favor in exchange (great weight); (2) defendant has fully accepted responsibility for his actions and blames nobody else for this crime (great weight); (3) defendant is not a psychopath pursuant to expert testimony and would not be a danger to other inmates or correctional officers should he be given a life sentence (moderate weight); (4) defendant could contribute to an open prison population and work as a plumber or an expert in wastewater treatment plant operations should he be given a life sentence (little weight); (5) defendant fully cooperated with law enforcement to quickly resolve the case to the point of helping law enforcement officers recover evidence to be used against him at trial (great weight); (6) defendant has a good jail record while awaiting trial with not a single incident or discipline report (little weight); (7) defendant has consistently shown a great deal of remorse for his actions (great weight); (8) defendant has suffered most of his adult life with an addiction problem to crack cocaine which was the basis of his criminal actions (some weight); (9) defendant has a good family and a good family support system that could help him contribute to an open prison population (moderate weight); (10) defendant testified he would try to counsel other inmates to take different paths than he has taken should he be given a life sentence (moderate weight); (11) as a child, defendant suffered a major trauma in his life by the crib death of a sibling (moderate weight); (12) as a child, defendant suffered another major trauma in his life by being sexually molested by a neighbor (moderate weight); (13) defendant has a lengthy history of substance abuse (marijuana and Quaaludes) during early teen years, graduating to alcohol and cocaine and substance abuse treatment beginning about age 14 or 15 (little weight);

- 2 -

denial of Guardado's initial postconviction motion. Guardado v. State, 176 So. 3d 886 (Fla. 2015).

In his present habeas petition, Guardado argues that he is entitled to relief pursuant to Hurst v. Florida, 136 S. Ct. 616 (2016), and Hurst v. State, 202 So. 3d 40 (Fla. 2016), petition for cert. filed, No. 16-998 (U.S. Feb. 13, 2017). We agree with Guardado that Hurst is applicable in his case. See Mosely v. State, 209 So. 3d 1248 (Fla. 2016). However, because we find that the Hurst error in this case is harmless beyond a reasonable doubt, we deny Guardado's petition. As we stated in Davis v. State, 207 So. 3d 142, 175 (Fla. 2016):

> [T]he jury unanimously found all of the necessary facts for the imposition of death sentences by virtue of its unanimous recommendations. . . . The unanimous recommendations here are precisely what we determined in Hurst to be constitutionally necessary to impose a sentence of death.

Accordingly, the Hurst violation in this case is harmless beyond a reasonable doubt and, as in Davis, does not entitle Guardado to relief.

---

(14) defendant's biological father passed away before defendant developed any lasting memories of him (little weight); (15) defendant was raised by his mother, whom he always considered loving, thoughtful, and concerned, and by a stepfather he later came to respect (little weight); (16) defendant was under emotional duress during the time frame of this crime (little weight); (17) defendant does not suffer a mental illness or major emotional disorder (little weight); (18) defendant offered to release his personal property, including his truck, to his girlfriend (little weight); and (19) defendant previously contributed to state prison facilities as a plumber and in wastewater treatment work (little weight). Guardado, 965 So. 2d at 112 n.2.

It is so ordered.

LABARGA, C.J., and PARIENTE, and LEWIS, JJ., concur.
CANADY, POLSTON, and LAWSON, JJ., concur in result.
QUINCE, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

QUINCE, J., dissenting.

I cannot agree with the majority's finding that the Hurst error was harmless beyond a reasonable doubt. As I've stated previously, "[b]ecause Hurst 'requires a jury, not a judge, to find each fact necessary to impose a sentence of death,' the error cannot be harmless where such a factual determination was not made." Hall v. State, 42 Fla. L. Weekly S153, S165 (Fla. Feb. 9, 2017) (Quince, J., concurring in part and dissenting in part) (quoting Hurst v. Florida, 136 S. Ct. 616, 619 (2016)); see also Truehill v. State, 42 Fla. L. Weekly S223, S234 (Fla. Feb. 23, 2017) (Quince, J., concurring in part and dissenting in part).

Original Proceeding – Habeas Corpus

Billy H. Nolas, Chief, Capital Habeas Unit, Office of the Federal Public Defender, Northern District of Florida, Tallahassee, Florida,

for Petitioner

Pamela Jo Bondi, Attorney General, and Berdene Beckles, Assistant Attorney General, Tallahassee, Florida,

for Respondent