BREYER, J., dissenting

# SUPREME COURT OF THE UNITED STATES

### DALE GLENN MIDDLETON
17–6580                                  *v.*
### FLORIDA


### RANDY W. TUNDIDOR
17–6735                                  *v.*
### FLORIDA

ON PETITIONS FOR WRITS OF CERTIORARI TO THE SUPREME
COURT OF FLORIDA

Nos. 17–6580 and 17–6735.   Decided February 26, 2018

The petitions for writs of certiorari are denied.

JUSTICE BREYER, dissenting from the denial of certiorari.

For the reasons set forth in my concurring opinions in *Hurst* v. *Florida*, 577 U. S. \_\_\_, \_\_\_ (2016) (opinion concurring in judgment), and *Ring* v. *Arizona*, 536 U. S. 584, 613 (2002) (same), I would vacate and remand these cases for the Florida Supreme Court to address the Eighth Amendment issue in the first instance.  I therefore agree with the dissenting opinion of JUSTICE SOTOMAYOR.  In my view, "the Eighth Amendment requires individual jurors to make, and to take responsibility for, a decision to sentence a person to death."  *Id.,* at 619.  I respectfully dissent.

# SUPREME COURT OF THE UNITED STATES

DALE GLENN MIDDLETON

17–6580                         *v.*

FLORIDA


RANDY W. TUNDIDOR

17–6735                         *v.*

FLORIDA

ON PETITIONS FOR WRITS OF CERTIORARI TO THE SUPREME
COURT OF FLORIDA

Nos. 17–6580 and 17–6735.   Decided February 26, 2018

JUSTICE SOTOMAYOR, with whom JUSTICE GINSBURG
joins, dissenting from the denial of certiorari.

Yet again, the Florida Supreme Court has failed to
address an important Eighth Amendment claim raised by
capital defendants regarding the propriety of jury instruc-
tions that repeatedly emphasized that the jurors' role in
sentencing the defendants to death was merely advisory. I
dissented once before from the denial of certiorari in
*Truehill* v. *Florida, ante,* p. \_\_\_, based on the same failure.
Because two more capital cases have now come and gone
without any change, from either the court below or this
Court, I feel compelled to elaborate further.

Like the two petitioners in *Truehill*, Dale Middleton and
Randy Tundidor were sentenced to death under a Florida
capital sentencing scheme that this Court has since de-
clared unconstitutional. See *Hurst* v. *Florida*, 577 U. S.
\_\_\_ (2016). Relying on the unanimity of the juries' rec-
ommendations of death, the Florida Supreme Court post-
*Hurst* declined to disturb the petitioners' death sentences,
reasoning that the unanimity ensured that jurors had
made the necessary findings of fact under *Hurst*. By doing
so, the Florida Supreme Court effectively transformed the

pre-*Hurst* jury recommendations into binding findings of fact with respect to the petitioners' death sentences.

Having so concluded, the Florida Supreme Court continually refuses to grapple with the Eighth Amendment implications of that holding. If those then-advisory jury findings are now binding and sufficient to satisfy *Hurst*, petitioners contend that their sentences violate the Eighth Amendment because the jury instructions in their cases repeatedly emphasized the nonbinding, advisory nature of the jurors' role and that the judge was the final decisionmaker. This Court has unequivocally held "that it is constitutionally impermissible to rest a death sentence on a determination made by a sentencer who has been led to believe that the responsibility for determining the appropriateness of the defendant's death rests elsewhere." *Caldwell* v. *Mississippi*, 472 U. S. 320, 328–329 (1985).

At least four times now, capital defendants in Florida have come to this Court, their last resort before their death sentences become final, seeking our intervention on this issue. Each time, this Court has refused to act, letting stand the petitioners' death sentences despite the substantiality of their unaddressed Eighth Amendment challenges. Because I continue to believe that "the stakes in capital cases are too high to ignore such constitutional challenges," *Truehill*, *ante,* at 2, I again dissent from this inaction and would vacate and remand these cases to the Florida Supreme Court.