# Supreme Court of Florida

_____

No. SC17-1903
_____

**JESSE GUARDADO,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[March 8, 2018]

PER CURIAM.

This case is before the Court on appeal from an order denying a motion to vacate a sentence of death under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

## STATEMENT OF THE CASE AND FACTS

The underlying facts of this case were described in this Court's opinion on direct appeal. *Guardado v. State*, 965 So. 2d 108, 110-12 (Fla. 2007). This Court affirmed Guardado's convictions and sentence of death. *Id.* at 120. This Court also affirmed the denial of Guardado's initial postconviction motion. *Guardado v. State*, 176 So. 3d 886 (Fla. 2015).

In 2017, Guardado filed a motion for postconviction relief arguing that he was entitled to relief pursuant to *Hurst v. Florida*, 136 S. Ct. 616 (2016). That motion was continued to give Guardado an opportunity to proceed in this Court with a habeas petition. Guardado filed a petition for a writ of habeas corpus arguing that he was entitled to relief pursuant to both *Hurst v. Florida* and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). This Court held:

> We agree with Guardado that *Hurst* is applicable in his case. *See Mosley v. State*, 209 So. 3d 1248 (Fla. 2016). However, because we find that the *Hurst* error in this case is harmless beyond a reasonable doubt, we deny Guardado's petition. As we stated in *Davis v. State*, 207 So. 3d 142, 175 (Fla. 2016):
>
> > [T]he jury unanimously found all of the necessary facts for the imposition of death sentences by virtue of its unanimous recommendations. . . . The unanimous recommendations here are precisely what we determined in Hurst to be constitutionally necessary to impose a sentence of death.
>
> Accordingly, the *Hurst* violation in this case is harmless beyond a reasonable doubt and, as in *Davis*, does not entitle Guardado to relief.

*Guardado v. Jones*, 226 So. 3d 213, 215 (Fla. 2017).

Subsequently, the circuit court returned to its consideration of Guardado's successive motion for postconviction relief and summarily denied Guardado's motion, stating:

> The current state of the law indicates *Hurst* would apply to the defendant's case. *See Mosley v. State*, 209 So. 3d 1248 (Fla. 2016). However, the law is also clear the defendant is not entitled to a new

penalty phase based on a harmless error analysis. *See Davis v. State*, 207 So. 3d 142 (Fla. 2016). Indeed, this court is bound by the decision of the Supreme Court of Florida determining any *Hurst* error in the instant case is harmless beyond a reasonable doubt. *Guardado v.* [*Jones*], No. SC17-389, 2017 WL 1954984 (Fla. May 11, 2017) (denying the defendant's petition for a writ of habeas corpus); *Guardado v.* [*Jones*], No.SC17-389, 2017 WL 4150352 (Fla. Sept. 19, 2017) (denying the defendant's motion for rehearing). Therefore, the defendant is not entitled to relief under *Hurst*. As a result, the instant motion is denied.

*Guardado v. State*, No. 2004-CF-000903, order at 2-3 (Fla. 1st. Cir. Sept. 27, 2017).

Guardado filed the instant appeal. On October 31, 2017, this Court issued an order to show cause why the lower court's order should not be affirmed.

## DISCUSSION

Guardado's argument here is nearly identical to that contained in his petition for a writ of habeas corpus filed in this Court on March 8, 2017, which this Court denied in *Guardado v. Jones*, 226 So. 3d at 215. The proceedings below originated on July 5, 2016, but were continued to permit Guardado to seek *Hurst* relief from this Court via his habeas proceedings. After this Court denied Guardado's habeas petition, the postconviction proceedings resumed and the circuit court denied Guardado's motion. Order at 1.

The circuit court correctly concluded that this Court has addressed Guardado's claims. Guardado's arguments in the present appeal are indistinguishable from those contained in his habeas petition.

Further, we have considered and rejected Guardado's claim that *Caldwell v. Mississippi*, 472 U.S. 320 (1985), and *Sullivan v. Louisiana*, 508 U.S. 275 (1993), affect this Court's harmless error analysis in *Hurst*. *See, e.g.*, *Franklin v. State*, 43 Fla. L. Weekly S86 (Fla. Feb. 15, 2018); *Truehill v. State*, 211 So. 3d 930 (Fla. 2017); *Hitchcock v. State*, 226 So. 3d 216 (Fla.), *cert. denied*, 138 S. Ct. 513 (2017).

Because Guardado's claims have been previously rejected, we affirm the circuit court's summary denial of Guardado's successive motion for postconviction relief.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Walton County,
        Kelvin C. Wells, Judge - Case No. 662004CF000903CFAXMX

Billy H. Nolas, Chief, Capital Habeas Unit, Office of the Federal Public Defender, Northern District of Florida, Tallahassee, Florida; and Clyde M. Taylor, Jr. of Taylor & Taylor, LLC, St. Augustine, Florida,

        for Appellant

Pamela Jo Bondi, Attorney General, and Lisa A. Hopkins, Assistant Attorney General, Tallahassee, Florida,

        for Appellee