PER CURIAM.
Norman Mearle Grim, a prisoner under sentence of death, appeals the circuit court's order summarily denying his first successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.
In 2000, a jury convicted Grim of first-degree murder and sexual battery upon a person twelve years of age or older with use of a deadly weapon. After hearing evidence at the penalty phase, the jury unanimously recommended the death sentence by a vote of twelve to zero. We affirmed Grim's convictions and sentence of death on direct appeal. Grim v. State , 841 So.2d 455 (Fla. 2003). We also upheld the denial of his initial motion for postconviction relief and denied his petition for a writ of habeas corpus. Grim v. State , 971 So.2d 85 (Fla. 2007).
In June 2016, Grim filed his current first successive postconviction motion in which he sought relief based on Hurst v. Florida (Hurst v. Florida ), --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016). Grim subsequently filed a memorandum of law in which he further argued that he was entitled to relief based on this Court's decision in Hurst v. State (Hurst ), 202 So.3d 40 (Fla. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017). In May 2017, the circuit court entered *148 an order summarily denying Grim's successive postconviction motion. This appeal followed. While Grim's postconviction case was pending in this Court, we directed the parties to file briefs addressing why the circuit court's order should not be affirmed based on this Court's precedent in Hurst , Davis v. State , 207 So.3d 142 (Fla. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 2218, 198 L.Ed.2d 663 (2017), and Mosley v. State , 209 So.3d 1248 (Fla. 2016).
In Davis , this Court held that a jury's unanimous recommendation of death is "precisely what we determined in Hurst to be constitutionally necessary to impose a sentence of death" because a "jury unanimously f[inds] all of the necessary facts for the imposition of [a] death sentence[ ] by virtue of its unanimous recommendation[ ]." Davis , 207 So.3d at 175. This Court has consistently relied on Davis to deny Hurst relief to defendants that have received a unanimous jury recommendation of death. See, e.g. , Bevel v. State , 221 So.3d 1168, 1178 (Fla. 2017) ; Guardado v. Jones , 226 So.3d 213, 215 (Fla. 2017), petition for cert. filed , No. 17-7171 (U.S. Dec. 18, 2017); Cozzie v. State , 225 So.3d 717, 733 (Fla. 2017), petition for cert. filed , No. 17-7545 (U.S. Jan. 24, 2018); Morris v. State , 219 So.3d 33, 46 (Fla.), cert. denied , --- U.S. ----, 138 S.Ct. 452, 199 L.Ed.2d 334 (2017) ; Tundidor v. State , 221 So.3d 587, 607-08 (Fla. 2017), cert. denied , --- U.S. ----, 138 S.Ct. 829, 200 L.Ed.2d 326 (2018) ; Oliver v. State , 214 So.3d 606, 617-18 (Fla.), cert. denied , --- U.S. ----, 138 S.Ct. 3, 199 L.Ed.2d 272 (2017) ; Middleton v. State , 220 So.3d 1152, 1184-85 (Fla. 2017), cert. denied , --- U.S. ----, 138 S.Ct. 829, 200 L.Ed.2d 326 (2018) ; Truehill v. State , 211 So.3d 930, 956-57 (Fla.), cert. denied , --- U.S. ----, 138 S.Ct. 3, 199 L.Ed.2d 272 (2017). Grim is among those defendants who received a unanimous jury recommendation of death, and his arguments do not compel departing from our precedent.[1]
Accordingly, because we find that any Hurst error in this case was harmless beyond a reasonable doubt, we affirm the circuit court's order summarily denying Grim's first successive motion for postconviction relief.
It is so ordered.
LABARGA, C.J., and LEWIS and LAWSON, JJ., concur.
CANADY and POLSTON, JJ., concur in result.
PARIENTE, J., dissents with an opinion, in which QUINCE, J., concurs.

The fact that Grim declined to present mitigation to the jury during the penalty phase has no bearing here. Grim's waiver of that right was valid, and he "cannot subvert the right to jury factfinding by waiving that right and then suggesting that a subsequent development in the law has fundamentally undermined his sentence." Jones v. State , 212 So.3d 321, 343 n.3 (Fla. 2017) (quoting Mullens v. State , 197 So.3d 16, 40 (Fla. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 672, 196 L.Ed.2d 557 (2017) ), cert. denied , --- U.S. ----, 138 S.Ct. 175, 199 L.Ed.2d 103 (2017).