PER CURIAM.
Samuel L. Smithers, a prisoner under sentences of death, appeals the circuit court's order summarily denying his first successive motion for postconviction relief, which was filed under *153 Florida Rule of Criminal Procedure 3.851. We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.
In 1998, a jury convicted Smithers of two counts of first-degree murder for the 1996 killings of Cristy Cowan and Denise Roach. After hearing evidence at the penalty phase, the jury unanimously recommended the death sentence for each murder by a vote of twelve to zero. We affirmed Smithers' convictions and sentences of death on direct appeal. Smithers v. State , 826 So.2d 916 (Fla. 2002). We also upheld the denial of his initial motion for postconviction relief and denied his petition for a writ of habeas corpus. Smithers v. State , 18 So.3d 460 (Fla. 2009).
In January 2017, Smithers filed his current first successive postconviction motion in which he raised numerous claims in light of Hurst v. Florida (Hurst v. Florida ), --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), Hurst v. State (Hurst ), 202 So.3d 40 (Fla. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017), Perry v. State , 210 So.3d 630 (Fla. 2016), and chapter 2016-13, Laws of Florida. In June 2017, the circuit court entered an order summarily denying Smithers' successive postconviction motion. This appeal followed. While Smithers' postconviction case was pending in this Court, we directed the parties to file briefs addressing why the circuit court's order should not be affirmed based on this Court's precedent in Hurst , Davis v. State , 207 So.3d 142 (Fla. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 2218, 198 L.Ed.2d 663 (2017), and Mosley v. State , 209 So.3d 1248 (Fla. 2016).
In Davis , this Court held that a jury's unanimous recommendation of death is "precisely what we determined in Hurst to be constitutionally necessary to impose a sentence of death" because a "jury unanimously f[inds] all of the necessary facts for the imposition of [a] death sentence[ ] by virtue of its unanimous recommendation[ ]." Davis , 207 So.3d at 175. This Court has consistently relied on Davis to deny Hurst relief to defendants that have received a unanimous jury recommendation of death. See, e.g. , Grim v. State , No. SC17-1071, 244 So.3d 147, 2018 WL 1531121 (slip op. issued Fla. Mar. 29, 2018) ; Bevel v. State , 221 So.3d 1168, 1178 (Fla. 2017) ; Guardado v. Jones , 226 So.3d 213, 215 (Fla. 2017), petition for cert. filed , No. 17-7171 (U.S. Dec. 18, 2017); Cozzie v. State , 225 So.3d 717, 733 (Fla. 2017), petition for cert. filed , No. 17-7545 (U.S. Jan. 24, 2018); Morris v. State , 219 So.3d 33, 46 (Fla.), cert. denied , --- U.S. ----, 138 S.Ct. 452, 199 L.Ed.2d 334 (2017) ; Tundidor v. State , 221 So.3d 587, 607-08 (Fla. 2017), cert. denied , --- U.S. ----, 138 S.Ct. 829, 200 L.Ed.2d 326 (2018) ; Oliver v. State , 214 So.3d 606, 617-18 (Fla.), cert. denied , --- U.S. ----, 138 S.Ct. 3, 199 L.Ed.2d 272 (2017) ; Truehill v. State , 211 So.3d 930, 956-57 (Fla.), cert. denied , --- U.S. ----, 138 S.Ct. 3, 199 L.Ed.2d 272 (2017). Smithers is among those defendants who received a unanimous jury recommendation of death, and his arguments do not compel departing from our precedent.
Accordingly, because we find that any Hurst error in this case was harmless beyond a reasonable doubt, we affirm the circuit court's order summarily denying Smithers' first successive motion for postconviction relief.
It is so ordered.
LABARGA, C.J., and PARIENTE, LEWIS, and LAWSON, JJ., concur.
CANADY and POLSTON, JJ., concur in result.
QUINCE, J., dissents with an opinion.