# SUPREME COURT OF THE UNITED STATES

JESSE GUARDADO
17–7171                    *v.*
JULIE L. JONES, SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS


STEVEN ANTHONY COZZIE
17–7545                    *v.*
FLORIDA

ON PETITIONS FOR WRITS OF CERTIORARI TO THE SUPREME
COURT OF FLORIDA

Nos. 17–7171 and 17–7545.   Decided April 2, 2018

The petitions for writs of certiorari are denied.

JUSTICE SOTOMAYOR, dissenting from the denial of certiorari.

Twice now this Court has declined to vacate and remand to the Florida Supreme Court in cases where that court failed to address a substantial Eighth Amendment challenge to capital defendants' sentences, and twice I have dissented from that inaction. See *Truehill* v. *Florida*, 583 U. S. \_\_\_, \_\_\_ (2017); *Middleton* v. *Florida*, 583 U. S. \_\_\_, \_\_\_ (2018). Four petitioners were involved in those cases. Today we add two more to the list, for a total of at least six capital defendants who now face execution by the State without having received full consideration of their claims.

It should not be necessary for me to explain again why petitioners' challenges are substantial, why the Florida Supreme Court should have addressed those challenges, or why this Court has an obligation to intervene. Nevertheless, recent developments at the Florida Supreme Court compel me to dissent in full once again.

As a reminder, like the petitioners in *Truehill* and *Middleton*, Jesse Guardado and Steven Cozzie challenge their

death sentences pursuant to *Caldwell* v. *Mississippi*, 472
U. S. 320 (1985). I summarized those challenges in *Mid-dleton* as follows:

> "[Petitioners] were sentenced to death under a Flor-ida capital sentencing scheme that this Court has
> since declared unconstitutional. See *Hurst* v. *Florida*,
> 577 U. S. ___ (2016). Relying on the unanimity of the
> juries' recommendations of death, the Florida Su-preme Court post-*Hurst* declined to disturb the peti-tioners' death sentences, reasoning that the unanim-ity ensured that jurors had made the necessary
> findings of fact under *Hurst*. By doing so, the Florida
> Supreme Court effectively transformed the pre-*Hurst*
> jury recommendations into binding findings of fact
> with respect to petitioners' death sentences." 583
> U. S., at ___–___ (slip op., at 1–2) (dissenting from de-nial of certiorari).

Reliance on those pre-*Hurst* recommendations, rendered
after the juries repeatedly were instructed that their role
was merely advisory, implicates *Caldwell*, where this
Court recognized that "the uncorrected suggestion that the
responsibility for any ultimate determination of death will
rest with others presents an intolerable danger that the
jury will in fact choose to minimize the importance of its
role," in contravention of the Eighth Amendment. 472
U. S., at 333.

Following the dissent from the denial of certiorari in
*Truehill*, the Florida Supreme Court has on at least two
occasions taken the position that it has, in fact, considered
and rejected petitioners' *Caldwell*-based challenges.[1] In
*Franklin* v. *State*, — So. 3d —, 2018 WL 897427 (Feb. 15,

---

[1] The cases in which the Florida Supreme Court has taken this posi-tion, *i.e.,* that it has considered and rejected the *Caldwell*-based claims
discussed herein, are not the ones currently under review before our
Court in these petitions.

2018) (*per curiam*), the Florida Supreme Court stated that, "prior to *Hurst*, [it] repeatedly rejected *Caldwell* challenges to the standard jury instructions." *Id.,* at \*3. The decisions it cited in support of that pre-*Hurst* precedent rely on one fact: "Informing the jury that its recommended sentence is 'advisory' is a correct statement of Florida law and does not violate *Caldwell*." *Rigterink* v. *State*, 66 So. 3d 866, 897 (Fla. 2011) (*per curiam*); *Globe* v. *State*, 877 So. 2d 663, 673–674 (Fla. 2004) (*per curiam*) (stating that it has rejected *Caldwell* challenges to the standard jury instructions, citing cases that similarly rely on the fact that the instructions accurately reflect the advisory nature of the jurors' role). But of course, "the rationale underlying [this] previous rejection of the *Caldwell* challenge [has] now [been] undermined by this Court in *Hurst*," *Truehill*, 583 U. S., at ___ (slip op., at 2), and the Florida Supreme Court must therefore "grapple with the Eighth Amendment implications of [its subsequent post-*Hurst*] holding" that "then-advisory jury findings are now binding and sufficient to satisfy *Hurst*," *Middleton*, 583 U. S., at ___ (slip op., at 2). Its pre-*Hurst* precedent thus does not absolve the Florida Supreme Court from addressing petitioners' new post-*Hurst* *Caldwell*-based challenges.

The Florida Supreme Court in *Franklin* did not stop there, however. It went on to state that it had "also rejected *Caldwell*-related *Hurst* claims" more recently, citing *Truehill* v. *State*, 211 So. 3d 930 (Fla. 2017) (*per curiam*), and *Oliver* v. *State*, 214 So. 3d 606 (Fla. 2017) (*per curiam*), noting that "the defendants in *Oliver* and *Truehill* petitioned the United States Supreme Court for a writ of certiorari to review their *Caldwell* claims, which the Court denied." *Franklin*, 2018 WL 897427, \*3. This is a surprising statement, because Quentin Truehill and Terence Oliver were the two petitioners whose claims were at issue in my dissent in *Truehill*. *Franklin* did not discuss that

dissent, joined by two other Justices, which specifically noted that "the Florida Supreme Court has failed to address" the important *Caldwell*-based challenge. *Truehill*, 583 U. S., at ___ (slip op., at 1). Earlier this month, in rejecting a motion to vacate a sentence brought by petitioner Jesse Guardado, the Florida Supreme Court again held that it had "considered and rejected" post-*Hurst Caldwell*-based challenges, citing *Franklin*, 2018 WL 897427, and *Truehill*, 211 So. 3d 930. *Guardado* v. *State*, — So. 3d —, 2018 WL 1193196, *2 (Mar. 8, 2018).[2]

It is hard to understand how the Florida Supreme Court "considered and rejected" these *Caldwell*-based challenges based on its decisions in *Truehill* and *Oliver*. Those cases did not mention or discuss *Caldwell*. Nor did they mention or discuss the fundamental Eighth Amendment principle it announced: "It is constitutionally impermissible to rest a death sentence on a determination made by a sentencer who has been led to believe that the responsibility

—————

[2] As petitioner Guardado explained in his supplemental brief, in addition to the postconviction motion that forms the basis of the petition currently before our Court, he also filed a motion to vacate his sentence. See Supp. Brief for Petitioner 1. It was with respect to that motion that the Florida Supreme Court issued the opinion stating that it had "considered and rejected" the *Caldwell*-based challenge. No mention of the *Caldwell*-based claim was made in the Florida Supreme Court opinion directly under review in this petition. 226 So. 3d 213 (2017). In fact, petitioner Guardado filed a motion with the Florida Supreme Court for rehearing and clarification of the denial of his postconviction motion, noting, *inter alia*, that the opinion "unreasonably omitted any consideration or discussion of [his] arguments regarding the interplay between *Caldwell* and *Hurst*." App. to Pet. for Cert. in No. 17–7171, p. 68a. The Florida Supreme Court denied the motion in an unreasoned one-line order. See *id.,* at 7a. Petitioner Steven Cozzie also moved for rehearing below, similarly arguing in part that the Florida Supreme Court "overlooked the effect of instructing [his] jury many times that its recommendation was advisory only," citing *Caldwell*. App. to Pet. for Cert. in No. 17–7545, p. 66a. The Florida Supreme Court also denied the motion in an unreasoned one-line order. See *id.,* at 43a.

for determining the appropriateness of the defendant's death rests elsewhere." *Caldwell*, 472 U. S., at 328–329. In neither *Truehill* nor *Oliver* did the Florida Supreme Court discuss the grave Eighth Amendment concerns implicated by its finding that the *Hurst* violations in those cases are harmless, a conclusion that transforms those advisory jury recommendations into binding findings of fact. Although the Florida Supreme Court noted in *Truehill* that the defendant in that case "contends that he is entitled to relief pursuant to *Hurst* v. *Florida* because the jury in his case was repeatedly instructed regarding the non-binding nature of its verdict," 211 So. 3d, at 955, that was the first and last reference to that argument. There was absolutely no reference to the argument in *Oliver*. 214 So. 3d 606.[3]

Therefore, the Florida Supreme Court has (again)[4] failed to address an important and substantial Eighth Amendment challenge to capital defendants' sentences post-*Hurst*. Nothing in its pre-*Hurst* precedent, nor in its opinions in *Truehill* and *Oliver*, addresses or resolves these substantial *Caldwell*-based challenges. This Court can and should intervene in the face of this troubling situation.

I dissent.

---

[3] Tellingly, in neither *Franklin* nor *Guardado* did the Florida Supreme Court supply a pincite for its "consider[ation] and reject[ion]" in *Truehill* and *Oliver* of these *Caldwell*-based claims.

[4] "Toutes choses sont dites déjà; mais comme personne n'écoute, il faut toujours recommencer." Gide, Le Traité du Narcisse 8 (1892), in Le Traité du Narcisse 104 (R. Robidoux ed. 1978) ("Everything has been said already; but as no one listens, we must always begin again").