# Supreme Court of Florida

_____

No. SC17-1458
_____

**WILLIAM KENNETH TAYLOR,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[April 5, 2018]

PER CURIAM.

This case is before the Court on appeal by William Taylor from an order denying a motion to vacate a sentence of death under Florida Rule of Criminal Procedure 3.851. Because the order concerns postconviction relief from a sentence of death, this Court has jurisdiction over the appeal under article V, section 3(b)(1) of the Florida Constitution. For the reasons explained below, we affirm the postconviction court's denial of relief.

**FACTUAL AND PROCEDURAL BACKGROUND**

Taylor was found guilty of first-degree murder of Sandra Kushmer, attempted first-degree murder of William Maddox, robbery with a deadly weapon,

robbery with a firearm, and armed burglary of a dwelling. *See Taylor v. State* (*Taylor I*), 937 So. 2d 590, 596 (Fla. 2006). After the penalty phase, the jury returned a recommendation of death by a vote of twelve to zero. *Id.* at 597. The trial court found the following aggravating circumstances: "(1) the murder was committed while Taylor was on felony probation; (2) Taylor had previously been convicted of a felony involving a threat of violence to the person; and (3) the murder was committed for pecuniary gain." *Id.* (citations omitted). Each aggravating circumstance was afforded great weight. *Id.* The trial court did not find that any statutory mitigators existed, but found thirteen nonstatutory mitigating circumstances. *Id.* The trial court concluded that the aggravating circumstances outweighed the mitigating circumstances and Taylor was sentenced to death. *Id.*

On direct appeal, Taylor raised one guilt phase claim and three penalty phase claims. *Id.* at 597-601. We denied Taylor's claims and upheld his convictions and sentence of death. *Id.* at 604. Taylor did not seek certiorari review, and his sentence became final upon expiration of the time to file a petition for writ of certiorari. *See* Fla. R. Crim. P. 3.851(d)(1)(A).

On October 9, 2006, Taylor filed a postconviction motion under Florida Rule of Criminal Procedure 3.851. *Taylor v. State* (*Taylor II*), 87 So. 3d 749, 756-57 (Fla. 2012). The postconviction court denied all of Taylor's postconviction

claims.  *Id.* at 757.  Taylor also filed a petition for writ of habeas corpus.  *Id.* at 753.  We affirmed the postconviction court's denial of Taylor's rule 3.851 motion and denied Taylor's petition for a writ of habeas corpus.  *Id.* at 765.

On January 9, 2017, Taylor filed a successive motion for postconviction relief under Florida Rule of Criminal Procedure 3.851.  The postconviction court denied Taylor's motion.

This appeal follows.

## ANALYSIS

In this successive postconviction motion, Taylor raises two claims: (1) his death sentence violates the Sixth Amendment in light of *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017), and *Hurst v. Florida*, 136 S. Ct. 616 (2016); and (2) his death sentence violates the Eighth Amendment under *Caldwell v. Mississippi*, 472 U.S. 320 (1985).  These issues present purely legal questions, which we review de novo.  *E.g.*, *Mosley v. State*, 209 So. 3d 1248, 1262 (Fla. 2016).

In *Davis v. State*, 207 So. 3d 142 (Fla. 2016), *cert. denied*, 137 S. Ct. 2218 (2017), we held that a jury's unanimous recommendation of death is "precisely what we determined in *Hurst* to be constitutionally necessary to impose a sentence of death" because a "jury unanimously f[inds] all of the necessary facts for the imposition of [a] death sentence[] by virtue of its unanimous recommendation[]."

207 So. 3d at 175. This Court has consistently relied on *Davis* to deny *Hurst* relief to defendants who have received unanimous jury recommendations of death. *See, e.g.*, *Smithers v. State*, No. SC17-1283 (Fla. Mar. 29, 2018); *Grim v. State*, No. SC17-1071 (Fla. Mar. 29, 2018); *Bevel v. State*, 221 So. 3d 1168, 1178 (Fla. 2017); *Guardado v. Jones*, 226 So. 3d 213, 215 (Fla. 2017), *cert. denied*, No. 17-7171 (U.S. Apr. 2, 2018); *Cozzie v. State*, 225 So. 3d 717, 733 (Fla. 2017), *cert. denied*, No. 17-7545 (U.S. Apr. 2, 2018); *Morris v. State*, 219 So. 3d 33, 46 (Fla.), *cert. denied*, 138 S. Ct. 452 (2017); *Tundidor v. State*, 221 So. 3d 587, 607-08 (Fla. 2017), *cert. denied*, 138 S. Ct. 829 (2018); *Oliver v. State*, 214 So. 3d 606, 617 (Fla.), *cert. denied*, 138 S. Ct. 3 (2017); *Truehill v. State*, 211 So. 3d 930, 956-57 (Fla.), *cert. denied*, 138 S. Ct. 3 (2017). Taylor is among those defendants who received a unanimous jury recommendation of death, and his arguments do not compel departing from our precedent.

Accordingly, because we find that any *Hurst* error in this case was harmless beyond a reasonable doubt, we affirm the circuit court's order summarily denying Taylor's successive motion for postconviction relief.

Taylor also contends that a unanimous jury recommendation violates the Eighth Amendment pursuant to *Caldwell*, when a jury is repeatedly told that its role is advisory. Taylor's *Caldwell* claim is procedurally barred because it was raised and rejected on direct appeal. *Taylor I*, 937 So. 2d at 599; *e.g.*, *Dennis v.*

- 4 -

*State*, 109 So. 3d 680, 692 (Fla. 2012) ("Dennis' claim . . . is procedurally barred because it was raised and rejected on direct appeal.").

## CONCLUSION

Accordingly, we affirm the postconviction court's denial of Taylor's motion for postconviction relief.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, and LAWSON, JJ., concur.
CANADY, J., concurs in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

An Appeal from the Circuit Court in and for Hillsborough County,
	Michelle Sisco, Judge - Case No. 292001CF008692000AHC

Kevin T. Beck of Law Office of Kevin T. Beck, P.A., St. Petersburg, Florida,

	for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Christina Z. Pacheco, Assistant Attorney General, Tampa, Florida,

	for Appellee