# Supreme Court of Florida

_____

No. SC17-1863
_____

**PAUL GLEN EVERETT,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

[May 24, 2018]

PER CURIAM.

Paul Glen Everett, a prisoner under sentence of death, appeals the circuit court's order summarily denying his successive motion for postconviction relief, which was filed under Florida Rule of Criminal Procedure 3.851. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

In 2002, a jury convicted Everett of first-degree murder, burglary of a dwelling with a battery, and sexual battery involving serious physical force. After hearing evidence at the penalty phase, the jury unanimously recommended a sentence of death for the first-degree murder by a vote of twelve to zero. We affirmed Everett's convictions and sentence of death on direct appeal. *Everett v.*

*State*, 893 So. 2d 1278 (Fla. 2004), *cert. denied*, 544 U.S. 987 (2005). We also upheld the denial of his initial motion for postconviction relief and denied his petition for a writ of habeas corpus. *Everett v. State*, 54 So. 3d 464 (Fla. 2010).

In January 2017, Everett filed a successive postconviction motion to vacate his death sentence in light of *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017). In September 2017, the circuit court summarily denied the motion. This appeal follows. During the pendency of this case in this Court, we directed the parties to file briefs addressing why the circuit court's order should not be affirmed based on our precedent in *Hurst*, *Davis v. State*, 207 So. 3d 142 (Fla. 2016), *cert. denied*, 137 S. Ct. 2218 (2017), and *Mosley v. State*, 209 So. 3d 1248 (Fla. 2016).

In *Davis*, we held that a jury's unanimous recommendation of death is "precisely what we determined in *Hurst* to be constitutionally necessary to impose a sentence of death" because a "jury unanimously f[inds] all of the necessary facts for the imposition of [a] death sentence[] by virtue of its unanimous recommendation[]." 207 So. 3d at 175. We have consistently relied on *Davis* to deny *Hurst* relief to defendants who have received a unanimous jury recommendation of death. *See, e.g.*, *Guardado v. Jones*, 226 So. 3d 213, 215 (Fla. 2017), *cert. denied*, 138 S. Ct. 1131 (2018); *Bevel v. State*, 221 So. 3d 1168, 1178 (Fla. 2017); *Cozzie v. State*, 225 So. 3d 717, 733 (Fla. 2017), *cert. denied*, 138 S.

Ct. 1131 (2018); *Morris v. State*, 219 So. 3d 33, 46 (Fla.), *cert. denied*, 138 S. Ct 452 (2017); *Oliver v. State*, 214 So. 3d 606, 617-18 (Fla.), *cert. denied*, 138 S. Ct. 3 (2017); *Truehill v. State*, 211 So. 3d 930, 956-57 (Fla.), *cert. denied*, 138 S. Ct. 3 (2017); *Tundidor v. State*, 221 So. 3d 587, 607-08 (Fla. 2017), *cert. denied*, 138 S. Ct. 829 (2018).  Everett is among those defendants who received a unanimous jury recommendation of death, and his arguments do not compel departing from our precedent.

Accordingly, because we conclude that any *Hurst* error in this case was harmless beyond a reasonable doubt, we affirm the circuit court's order summarily denying Everett's successive motion for postconviction relief.

It is so ordered.

LABARGA, C.J., and LEWIS and LAWSON, JJ., concur.
CANADY and POLSTON, JJ., concur in result.
PARIENTE, J., concurs in result with an opinion.
QUINCE, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND, IF FILED, DETERMINED.

PARIENTE, J., concurring in result.

I agree that Everett is not entitled to *Hurst*[1] relief.  I write separately to explain that it is the combination of the jury's unanimous recommendation for

---

1. *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).

death and the absence of any stricken aggravating factor or other issue that would undermine the reliability of the unanimous recommendation[2] that allows this Court to conclude that the *Hurst* error was harmless beyond a reasonable doubt in Everett's case.

QUINCE, J., dissenting.

I cannot agree with the majority's finding that the *Hurst* error in this case was harmless beyond a reasonable doubt. As I have stated previously, "[b]ecause *Hurst* 'requires a jury, not a judge, to find each fact necessary to impose a sentence of death,' the error cannot be harmless where such a factual determination was not made." *Hall v. State*, 212 So. 3d 1001, 1036-37 (Fla. 2017) (Quince, J., concurring in part and dissenting in part) (quoting *Hurst v. Florida*, 136 S. Ct. 616, 619 (2016)); *see also Truehill v. State*, 211 So. 3d 930, 961-62 (Fla. 2017) (Quince, J., concurring in part and dissenting in part). While the trial court here found the

---

2. *See, e.g.*, *Reynolds v. State*, 43 Fla. L. Weekly S163, S169, 2018 WL 1633075, *14 (Fla. Apr. 5, 2018) (Pariente, J., dissenting) (explaining how *Hurst* could have affected defendant's decision to waive mitigation); *Grim v. State*, 43 Fla. L. Weekly S155, S156-57, 2018 WL 1531121, *2-5 (Mar. 29, 2018) (Pariente, J., dissenting) (explaining how a mitigation waiver affects the *Hurst* harmless error analysis); *Middleton v. State*, 42 Fla. L. Weekly S637, 2017 WL 2374697, *1-2 (Fla. June 1, 2017) (Pariente, J., dissenting) (explaining how a stricken aggravating factor affects the *Hurst* harmless error analysis); *see also Davis v. State*, 207 So. 3d 142, 173-75 (Fla. 2016), *cert. denied*, 137 S. Ct. 2218 (2017).

heinous, atrocious, or cruel (HAC) aggravator proven, this aggravator requires a factual determination that can only be made by the jury. Therefore, I dissent.

An Appeal from the Circuit Court in and for Bay County,
    Brantley S. Clark, Jr., Judge - Case No. 032001CF002956XXAXMX

Linda McDermott of McClain & McDermott, P.A., Estero, Florida; and Charles E. Lykes, Jr., Clearwater, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, and Lisa A. Hopkins, Assistant Attorney General, Tallahassee, Florida,

    for Appellee