# Supreme Court of Florida

_____

No. SC18-303
_____

**DANIEL O. CONAHAN, JR.**,
Appellant,

vs.

**STATE OF FLORIDA**,
Appellee.

October 19, 2018

PER CURIAM.

Daniel O. Conahan, Jr. appeals an order denying a motion to vacate

judgments of conviction, including one of first-degree murder, and sentence of

death under Florida Rule of Criminal Procedure 3.851.[1]

The underlying facts of this case were described in this Court's opinion on

direct appeal. *Conahan v. State*, 844 So. 2d 629, 632-34 (Fla. 2003). After

Conahan waived his right to a jury trial, "the trial court found and adjudicated

Conahan guilty of first-degree premeditated murder and kidnapping" of Richard

Montgomery. *Id.* at 634. Then, following a unanimous jury recommendation for

---

1. We have jurisdiction. *See* art. V, § 3(b)(1), Fla. Const.

death, the trial court sentenced Conahan to death for Mr. Montgomery's murder. *Id.* On direct appeal, we affirmed Conahan's convictions and sentence of death. *Id.* at 643. We also affirmed the denial of Conahan's initial postconviction motion and denied relief on his habeas petition. *Conahan v. State*, 118 So. 3d 718, 737 (Fla. 2013).

In Conahan's first successive postconviction motion, Conahan raised two claims for relief: (1) newly discovered evidence; and (2) the constitutionality of his death sentence pursuant to *Hurst v. Florida*, 136 S. Ct. 616 (2016), and *Hurst v. State*, 202 So. 3d 40 (Fla. 2016). *Conahan v. State*, No. SC16-1153, 2017 WL 656306, at *1, SC17-1153 (Fla. Feb. 17, 2017). We affirmed the denial of the first claim, but upon agreement of the parties, did not address Conahan's *Hurst* claim, without prejudice, allowing Conahan to raise the issue in a future proceeding. *Id.* at *2.

Now, Conahan argues that he is entitled to relief pursuant to *Hurst*. We agree with Conahan that *Hurst* is applicable to his case. *See Mosley v. State*, 209 So. 3d 1248, 1276 (Fla. 2016). However, because we find that the *Hurst* error in this case is harmless beyond a reasonable doubt, we affirm the denial of *Hurst* relief. *See Davis v. State*, 207 So. 3d 142, 175 (Fla. 2016) ("The unanimous recommendations here are precisely what we determined in *Hurst* to be constitutionally necessary to impose a sentence of death."), *cert. denied*, 137 S. Ct.

2218 (2017).  We also reject Conahan's *Hurst*-induced *Caldwell*[2] claim.  *See*

*Reynolds v. State*, 251 So. 3d 811, 824-25 (Fla. 2018) *petition for cert. filed*, No.

18-5181 (U.S. July 3, 2018).  Finally, we reject Conahan's contention that he is

entitled to application of chapter 2017-1, Laws of Florida.  *See Taylor v. State*, 246

So. 3d 231, 240 (Fla. 2018) ("[W]e rejected as without merit the claim that chapter

2017–1, Laws of Florida, created a substantive right that must be retroactively

applied.").

Accordingly, we affirm the denial of postconviction relief.

It is so ordered.

LEWIS, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., and POLSTON, J., concur in result.
PARIENTE, J., concurs in result with an opinion.
QUINCE, J., dissents with an opinion.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION AND,
IF FILED, DETERMINED.

PARIENTE, J., concurring in result.

I agree that Conahan is not entitled to *Hurst*[3] relief.  I write separately to

explain that it is the combination of the jury's unanimous recommendation for

death and the absence of any stricken aggravating factor or other issue that would

---

2.  *Caldwell v. Mississippi*, 472 U.S. 320 (1985).

3.  *Hurst v. State* (*Hurst*), 202 So. 3d 40 (Fla. 2016), *cert. denied*, 137 S. Ct. 2161 (2017); *see Hurst v. Florida*, 136 S. Ct. 616 (2016).

undermine the reliability of the jury's unanimous recommendation that allows this Court to conclude that the *Hurst* error in Conahan's case was harmless beyond a reasonable doubt.[4]

QUINCE, J., dissenting.

I do not agree with the majority's conclusion that there is no reasonable possibility that the *Hurst* error in this case did not affect Conahan's sentence. We declined to speculate about why the jurors voted for death in *Hurst v. State*, 202 So. 2d 40, 69 (Fla. 2016). The majority's determination that the *Hurst* error in this case is harmless beyond a reasonable doubt amounts to pure speculation. This Court cannot know whether the jury would have found unanimously each aggravating factor, and that the aggravation outweighed mitigation as *Hurst* requires. The HAC and CCP aggravators in particular require findings of fact that the jury did not make. To find the error in this case harmless is to substitute our own evaluation of the evidence for the jury's. Therefore, I dissent.

---

4. *See, e.g.*, *Reynolds v. State*, 43 Fla. L. Weekly S163, S169, 2018 WL 1633075, *14 (Fla. Apr. 5, 2018) (Pariente, J., dissenting) (explaining how *Hurst* could have affected defendant's decision to waive mitigation); *Grim v. State*, 244 So. 3d 147, 148-52 (Fla. 2018) (Pariente, J., dissenting) (explaining how a mitigation waiver affects the *Hurst* harmless error analysis); *Middleton v. State*, 42 Fla. L. Weekly S637, 2017 WL 2374697, *1-2 (Fla. June 1, 2017) (Pariente, J., dissenting) (explaining how a stricken aggravating factor affects the *Hurst* harmless error analysis), *cert. denied*, 138 S. Ct. 829 (2018); *see also Davis v. State*, 207 So. 3d 142, 173-75 (Fla. 2016), *cert. denied*, 137 S. Ct. 2218 (2017).

An Appeal from the Circuit Court in and for Charlotte County,
Donald Mason, Judge – Case No. 081997CF0001660001XX

Neal Dupree, Capital Collateral Regional Counsel, William M. Hennis III, Litigation Director, and Jason Kruszka, Staff Attorney, Southern Region, Fort Lauderdale, Florida,

    for Appellant

Pamela Jo Bondi, Attorney General, Tallahassee, Florida, and Timothy A. Freeland, Senior Assistant Attorney General, Tampa, Florida,

    for Appellee