PER CURIAM.
*1238 Daniel O. Conahan, Jr. appeals an order denying a motion to vacate judgments of conviction, including one of first-degree murder, and sentence of death under Florida Rule of Criminal Procedure 3.851.[1]
The underlying facts of this case were described in this Court's opinion on direct appeal. Conahan v. State , 844 So.2d 629, 632-34 (Fla. 2003). After Conahan waived his right to a jury trial, "the trial court found and adjudicated Conahan guilty of first-degree premeditated murder and kidnapping" of Richard Montgomery. Id. at 634. Then, following a unanimous jury recommendation for death, the trial court sentenced Conahan to death for Mr. Montgomery's murder. Id. On direct appeal, we affirmed Conahan's convictions and sentence of death. Id. at 643. We also affirmed the denial of Conahan's initial postconviction motion and denied relief on his habeas petition. Conahan v. State , 118 So.3d 718, 737 (Fla. 2013).
In Conahan's first successive postconviction motion, Conahan raised two claims for relief: (1) newly discovered evidence; and (2) the constitutionality of his death sentence pursuant to Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016), and Hurst v. State , 202 So.3d 40 (Fla. 2016). Conahan v. State , No. SC16-1153, 2017 WL 656306, at *1 (Fla. Feb. 17, 2017). We affirmed the denial of the first claim, but upon agreement of the parties, did not address Conahan's Hurst claim, without prejudice, allowing Conahan to raise the issue in a future proceeding. Id. at *2.
Now, Conahan argues that he is entitled to relief pursuant to Hurst . We agree with Conahan that Hurst is applicable to his case. See Mosley v. State , 209 So.3d 1248, 1276 (Fla. 2016). However, because we find that the Hurst error in this case is harmless beyond a reasonable doubt, we affirm the denial of Hurst relief. See Davis v. State , 207 So.3d 142, 175 (Fla. 2016) ("The unanimous recommendations here are precisely what we determined in Hurst to be constitutionally necessary to impose a sentence of death."), cert. denied , --- U.S. ----, 137 S.Ct. 2218, 198 L.Ed.2d 663 (2017). We also reject Conahan's Hurst -induced Caldwell[2] claim. See Reynolds v. State , 251 So.3d 811, 824-25 (Fla. 2018)petition for cert. filed , No. 18-5181 (U.S. July 3, 2018). Finally, we reject Conahan's contention that he is entitled to application of chapter 2017-1, Laws of Florida. See Taylor v. State , 246 So.3d 231, 240 (Fla. 2018) ("[W]e rejected as without merit the claim that chapter 2017-1, Laws of Florida, created a substantive right that must be retroactively applied.").
Accordingly, we affirm the denial of postconviction relief.
It is so ordered.
LEWIS, LABARGA, and LAWSON, JJ., concur.
CANADY, C.J., and POLSTON, J., concur in result.
PARIENTE, J., concurs in result with an opinion.
QUINCE, J., dissents with an opinion.
PARIENTE, J., concurring in result.
*1239 I agree that Conahan is not entitled to Hurst[3] relief. I write separately to explain that it is the combination of the jury's unanimous recommendation for death and the absence of any stricken aggravating factor or other issue that would undermine the reliability of the jury's unanimous recommendation that allows this Court to conclude that the Hurst error in Conahan's case was harmless beyond a reasonable doubt.[4]

We have jurisdiction. See art. V, § 3(b)(1), Fla. Const.

Caldwell v. Mississippi , 472 U.S. 320, 105 S.Ct. 2633, 86 L.Ed.2d 231 (1985).

Hurst v. State (Hurst ), 202 So.3d 40 (Fla. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 2161, 198 L.Ed.2d 246 (2017) ; see Hurst v. Florida , --- U.S. ----, 136 S.Ct. 616, 193 L.Ed.2d 504 (2016).

See, e.g. , Reynolds v. State , 251 So.3d 811, 829-30 (Fla. 2018) (Pariente, J., dissenting) (explaining how Hurst could have affected defendant's decision to waive mitigation); Grim v. State , 244 So.3d 147, 148-52 (Fla. 2018) (Pariente, J., dissenting) (explaining how a mitigation waiver affects the Hurst harmless error analysis); Middleton v. State , 42 Fla. L. Weekly S637, --- So.3d ----, ---- - ----, 2017 WL 2374697, *1-2 (Fla. June 1, 2017) (Pariente, J., dissenting) (explaining how a stricken aggravating factor affects the Hurst harmless error analysis), cert. denied , --- U.S. ----, 138 S.Ct. 829, 200 L.Ed.2d 326 (2018) ; see also Davis v. State , 207 So.3d 142, 173-75 (Fla. 2016), cert. denied , --- U.S. ----, 137 S.Ct. 2218, 198 L.Ed.2d 663 (2017).